UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

.................................................................................

RAYMOND A. MILLER,

                Petitioner,

vs.

FEDERAL BUREAU OF PRISONS,

                Respondent.

.................................................................................

CASE NO. 1:13-CV-2633

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the Court is *pro se* petitioner Raymond Miller's petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2241. (Doc. No. 1.)  Miller, who is currently incarcerated at Marion

Correctional Institution in Marion, Ohio ("M.C.I."), seeks credit from respondent Federal Bureau

of Prisons (BOP) against a federal sentence imposed by this Court.  For the reasons that follow, the

Court **DISMISSES** the petition without prejudice.

**I. Background**

        Miller was arrested on April 17, 2007 by local authorities and held at Cuyahoga County Jail

in Cleveland, Ohio.  On May 29, 2007, he was indicted in the Cuyahoga County Court of Common

Pleas on charges of aggravated theft and attempted robbery. *See State of Ohio*, No. CR-07-496154-B

(Ct. Com. Pl. Cuyahoga Ct.)(Corrigan, J.)   Miller was released on bond.

-1-

Case No. 1:13-CV-2633
Gwin, J.

On July 26, 2007, a State Parole Officer arrested Miller for being in violation of his parole as a result of the theft allegations. He was immediately taken into custody. While awaiting a pre-trial hearing on the parole violation, Miller was indicted in this Court on charges of being a felon in possession of a firearm. *See United States v. Miller*, No. 1:07cr0451 (N.D. Ohio filed Aug. 21, 2007)(Gwin, J.)  A writ of habeas corpus *ad prosequendum* was issued on September 13, 2007 to temporarily transport Miller to this Court to face federal charges. He pled guilty to the charge and was sentenced on February 19, 2009 to serve 110 months in prison, with "credit for time served on the instant offense." *Id.* (Doc. No. 62.)

After Miller's federal sentence was imposed, he was transported back to state court to face pending parole violation and theft charges. He claims the parole board granted him parole upon consideration of his "federal detainer."  Before he was transported to a federal facility, however, the State of Ohio issued a detainer in October 2009 to bring Miller before the State to face pending robbery charges in Case No. CR-07-496154.

Miller plead guilty to attempted robbery. On or about February 18, 2010, Judge Corrigan sentenced him to serve 18 months in prison, with up to three years post release control. Miller was remanded to the County Sheriff "with no credit for time served."

In August 2011, Miller filed a *pro se* motion in this Court Requesting *Nunc Pro Tunc* Designation of a State institution for service of his federal sentence in his criminal case. *See Miller*, No. 1:07cr0451 (Doc. No. 77.)  On October 6, 2011, the following marginal entry was made on the Motion: "Defendant is eligible for and shall be given credit for time served in Cuyahoga County Common Pleas Court Case No. 07496154-B." (Doc. No. 80.)  Miller is still serving his sentence in

Case No. 1:13-CV-2633
Gwin, J.

state prison, where he will remain until paroled from that sentence on July 14, 2014 and transferred

to a federal prison facility.

Miller now avers he is entitled to receive credit towards his federal sentence from July 26,

2007, the date of arrest on his state parole violation, until February 18, 2009 when this Court

imposed his sentence.  For reasons set forth below, the petition is dismissed without prejudice.

## II. Legal Standards

A. 28 U.S.C. §2243

For any federal habeas petitioner, "[t]he burden to show that he is in custody in

violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson*

471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert.*

*denied* 400 U.S. 906 (1970)).  Therefore, if "it appears from the application that the applicant or

person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C.

§2243.

B. 28 U.S.C. § 2241

The federal habeas statute provides, in relevant part, that: "The writ of habeas

corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. §2241(c)(3).  The statute only extends its

reach to challenges that affect the length or duration of a prisoner's sentence.  Thus, any claims

seeking to challenge the execution or manner in which the sentence is served shall be filed in the

court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893

-3-

Case No. 1:13-CV-2633
Gwin, J.

(6th Cir. 1991)).

### III. Analysis

Habeas corpus jurisdiction is available under §2241 even where a state prisoner

challenges the execution of a federal sentence he has yet to serve. *See United States v. Miller*,

594 F.3d 1240, 1241 (10th Cir.2010) (state inmate's request for *nunc pro tunc* designation in

regards to future federal sentence is properly pursued under 28 U.S.C. § 2241).  Therefore,

Miller satisfies the "in custody" requirement for habeas purposes because "a prisoner serving

consecutive sentences is 'in custody' under any one of them for purposes [of the federal habeas

statutes]." *Peyton v. Rowe*, 391 U.S. 54, 67 (1968); *see McVeigh v. Smith*, 872 F.2d 725, 727 (6th

Cir.1989) (suspended or stayed sentences may satisfy the custody requirement).

Here, Miller's request is two-fold.  First, he is seeking additional credit through a nunc

pro tunc designation that his federal sentence be served in the state prison where he is

incarcerated. Secondly, he argues he is entitled to sentence credit for the period of time he was

held after his July 2007 arrest until this Court imposed a federal sentence.  The first is denied on

the merits and the second is dismissed for failing to exhaust his administrative remedies.

Once a district court sentences a federal offender it is the responsibility of the Attorney

General, through the BOP, to administer the sentence.  *See* 18 U.S.C. § 3621(a) ("A person who

has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau

of Prisons until the expiration of the term imposed").  To fulfill its duty, however, the BOP must

know how much of the sentence the offender has left to serve.  Because offenders have a right to

certain jail-time credit under 18 U.S.C. § 3585(b), and because the district court cannot

-4-

Case No. 1:13-CV-2633
Gwin, J.

determine the amount of the credit at sentencing, the Attorney General has no choice but to make

the determination as an administrative matter when imprisoning the defendant. *United States v.*

*Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir.

2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of

Prisons");18 U.S.C.A. § 3585(b).

Where, as here, a state sentence was imposed after the federal sentence, the presumption

is that the sentences will run consecutively.  *See United States v. Quintero*, 157 F.3d 1038, 1040

(6th Cir. 1998)("multiple terms of imprisonment imposed at different times run consecutively

unless the court orders that the terms are to run concurrently.")  Neither court ordered Miller's

sentences to run concurrently.  Moreover, courts have uniformly held that a defendant's federal

sentence is in no way legally affected if a state chooses to incarcerate the defendant before the

federal sentence has commenced to run. *See Pinaud v. James, 851 F.2d 27, 30 (2d. Cir. 1988)*;

*Opela v. United States*, 415 F.2d 231, 232 (5th Cir.1969) (per curiam).

Only the BOP has the statutory authority to cause a federal sentence to run concurrently

with a state sentence by designating *nunc pro tunc* an inmate's state prison as the place of federal

confinement. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir.1990).  As provided in the BOP's

Program Statement 5160.05, entitled *Designation of State Institution for Service of Federal*

*Sentence*, an inmate may submit his request for a *nunc pro tunc* designation to the BOP and the

"request will be considered regardless of whether the inmate is physically located in either a

federal or state institution." DEPT. OF JUSTICE, BOP Program Statement 5160.05, p. 5. (2003),

http://www .bop.gov/policy/progstat/5160_005.pdf

-5-

Case No. 1:13-CV-2633
Gwin, J.

Miller complied with the BOP's procedures to request a *nunc pro tunc* designation. The

BOP, through the Designation and Sentence Computation Center (DSCC), however, denied his

request on August 3, 2011. Although Miller does not explicitly challenge this decision, to the

extent he is seeking this Court's determination, the request is denied. There is "no authority

requir[ing] federal marshals to immediately deliver a federal prisoner to a federal facility for the

service of his sentence." *Leal v. Tombone*, 341 F.3d 427, 429-30 (5th Cir.2003).

He does specifically argue he is entitled to credit while he "remained in state custody

from July 26, 2007 to February 18, 2009." It appears he may be basing this argument on this

Court's marginal entry that Miller is "eligible for credit."

For the sake of clarity, the Court reiterates that the power to grant credit for time served

lies solely with the Attorney General and the BOP. *See* 18 U.S.C. § 3585(b); *United States v.*

*Wilson*, 503 U.S. 329, 333 (1992). District courts have no authority to determine how much

credit a prisoner may be entitled to receive during the sentencing stage. *See United States v.*

*Crozier,* 259 F.3d 503, 520-21 (6th Cir. 2001). This function is exclusively within the purview of

the BOP. To that end, any challenge to the manner in which the BOP makes its determination,

must first be exhausted administratively.

Federal prisoners should exhaust administrative remedies before filing a habeas corpus

petition under 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981).

Although the exhaustion of administrative remedies is not a statutory requirement, *see Wesley v.*

*Lamanna*, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001), the Sixth Circuit has

advised that "[t]he Bureau of Prisons should be given the opportunity to consider the application

-6-

Case No. 1:13-CV-2633
Gwin, J.

of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (quoting *Taylor v. United States*, No. 95-5150, 1995 WL 460512 (6th Cir. Aug.2,1995)).   Moreover, a district court's habeas review in this instance is limited to BOP decisions about execution of sentences and without exhaustion there is no BOP decision to review.

Therefore, after Miller has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 regarding prior custody credit, he may seek § 2241 judicial review. *United States v. Oglesby*, No. 02-3143, 714, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)).  Accordingly, dismissal for failure to exhaust is proper in this instance.

### IV. Conclusion and Order

Based on the foregoing, the Petition is DENIED without prejudice for failing to exhaust his administrative remedies with the BOP.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/  James S. Gwin
_____
DATE:  June 16, 2014                                JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE